IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID BLEDSOE, *et al.*,                    :

       Plaintiffs,                          :    Case No. 3:02-cv-69

       vs.                                  :
                              JUDGE WALTER HERBERT RICE
EMERY WORLDWIDE AIRLINES, *et al.*,  :

       Defendants                           :

---

DECISION AND ENTRY SUSTAINING PLAINTIFFS' MOTION TO
RETAX COSTS (DOC. #235); VACATING THE TAXATION OF COSTS
(Doc. #233); JUDGMENT TO ENTER ACCORDINGLY; TERMINATION
ENTRY

---

On December 29, 2011, the Clerk of Courts awarded costs in the amount of

$14,573.32 to Defendants Emery Worldwide Airlines, Inc., and CNF Inc., the prevailing

parties in a class action lawsuit involving alleged violations of the Worker Adjustment

and Retraining Notification Act of 1988 ("the WARN Act"), 29 U.S.C. §§ 2101-2109.[1]

Doc. #233.

This matter is currently before the Court on Plaintiffs' Motion to Retax Costs.

Doc. #235.  Plaintiffs argue that, under the circumstances presented here, it is

inequitable to award any costs at all.  In the alternative, they argue that certain costs

were improperly taxed and should be greatly reduced.  Because the Court concludes

---

[1] The WARN Act generally requires an employer to provide written notice to
affected employees at least 60 days before ordering a plant closing or mass layoff. 29
U.S.C. § 2102(a).

that it would be inequitable to award any costs against Plaintiffs, the Court does not reach the alternative argument.

## I.    Relevant Law

Title 28 United States Code § 1920 governs the taxation of costs.  It provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

This statute must be read in conjunction with Federal Rule of Civil Procedure 54(d)(1), which provides:

> *Costs Other Than Attorney's Fees.* Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1).

This rule creates a presumption in favor of awarding costs to a prevailing party. Nevertheless, the court may, in its discretion, deny costs.  *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986).  The losing party has the burden of showing circumstances sufficient to overcome the presumption.  *Id.* at 732.

The Sixth Circuit has held that the Court may properly deny costs "where, although a litigant was the successful party, it would be inequitable *under all the circumstances in the case* to put the burden of costs upon the losing party."  *Id.* at 730 (quoting *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959)).

Such circumstances may exist in cases where: (1) the taxable expenditures are "unnecessary or unreasonably large;" (2) the prevailing party should be penalized for "unnecessarily prolonging the trial or injecting unmeritorious issues;" (3) the prevailing party's recovery is "so insignificant that the judgment amounts to a victory for the [opposing party];" or (4) the case is "close and difficult." *Id.* at 730.  Other factors that may be considered include whether the losing party acted in "good faith," and the propriety with which it conducted the litigation.  *Id.* The potential "chilling effect" on future litigants of awarding costs to a prevailing defendant can also be considered. *See United States ex rel. Pickens v. GLR Constructors, Inc.*, 196 F.R.D. 69, 77 (S.D. Ohio 2000); *Rosser v. Pipefitters Union Local 392*, 885 F. Supp. 1068, 1072 (S.D. Ohio 1995).

## II.     Inequitable to Assess Costs

Plaintiffs argue that, under the circumstances presented here, it would be inequitable to saddle them with the burden of paying Defendants' costs.  The Court agrees.

First and foremost, Plaintiffs maintain that assessing any costs against them would have a chilling effect on other litigants seeking to pursue claims under the WARN Act.  They note that the limited remedies available for violations of the WARN Act – a maximum of 60 days pay and benefits, see 29 U.S.C. § 2104(a)(1) – already dissuade some individuals from pursuing meritorious claims.  In some cases, litigation expenses may exceed any award of damages.

Plaintiffs further argue that they filed suit in good faith and acted reasonably throughout the class action litigation, which spanned seven years.  Plaintiffs maintain that, although Defendants ultimately prevailed at trial and on appeal, the case was close and difficult, involving several novel issues, including the right to a jury trial and the liability of parent corporations under the WARN Act, and the proper scope of the class to be certified.

In response, Defendants argue that any potential chilling effect is minimal because each named Plaintiff is liable for less than $3000 in costs.  They maintain that employees who file suit, forcing their employers to incur significant legal costs, should bear some risk of liability for costs incurred.  As to the other factors, Defendants argue that the requested costs were necessary and were not unreasonably large.  They further argue that, although Plaintiffs did not pursue the litigation in bad faith, they did

4

request numerous extensions of time, delaying the proceedings and driving up Defendants' costs.

In addition, Defendants argue that Plaintiffs should not be entitled to any special protection from taxation of costs. In civil rights cases, the Supreme Court has allowed prevailing defendants to recover attorney fees only if "the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978). Citing *In re Arrow Transportation Company of Delaware*, 224 B.R. 457, 463 (Bankr. D. Or. Jul. 17, 1998), Defendants argue, however, that, unlike civil rights statutes, the WARN Act serves to protect individual interests rather than societal wrongs, rendering the heightened standard inapplicable.[2]

Moreover, even if this were a civil rights case, the Tenth Circuit has held that despite the heightened standards that apply with respect to attorney fees, losing plaintiffs in civil rights cases are "not entitled to heightened protection from taxation of costs pursuant to § 1920," *English v. Colorado Dep't of Corrections*, 248 F.3d 1002, 1013 (10th Cir. 2001). The Sixth Circuit has summarily rejected the argument that taxing costs against a losing plaintiff in a civil rights case would conflict with the remedial purpose of Title VII. *Jones v. Continental Corp.*, 789 F.2d 1225, 1233 (6th Cir. 1986).

_____

[2] *But see Solberg v. Inline Corp.*, 740 F. Supp. 680, 685 (D. Minn. 1990) (applying the heightened standard to defendants' motion for attorney's fees in a WARN Act case, and citing "[t]he policy of encouraging enforcement of remedial statutes like WARN."); *Bell v. Plymouth Rock Transp. Corp.*, No. 04-cv-1354, 2006 WL 932335, at *1 (D.N.J. April 10, 2006) (adopting the reasoning of *Solberg* because "[t]o do otherwise would create a chilling effect not contemplated by Congress when passing the WARN Act.").

5

The Court notes that there are very few, if any, cases specifically addressing an award of costs to a prevailing defendant in a WARN Act case. The costs involved in this case were not unnecessary or unreasonably large, and there is no need to punish Defendants for unnecessarily prolonging the litigation or injecting unmeritorious issues. Nevertheless, the Court finds that, under the circumstances presented here, it would be inequitable to burden Plaintiffs with Defendants' costs in this litigation.

Awarding such costs in this case would have a significant chilling effect on other employees seeking to vindicate their rights under the WARN Act. As Plaintiffs point out, even if they had prevailed, their damages would have been capped at 60 days pay plus benefits.[3] Once their own litigation expenses are subtracted from any potential award, it becomes apparent that there is very little incentive for employees to file suit to protect their rights under the Act.[4] These individuals are already at an inherent financial disadvantage, having allegedly just lost their jobs with little or no warning. To burden them with a prevailing defendant's litigation costs would further dissuade them from filing suit and could deter many legitimate claims.

The remedial purpose of the statute is thwarted if the financial risk of filing suit outweighs the potential benefits. *See, e.g., Pickens*, 196 F.R.D. at 77 (denying costs to prevailing defendant in False Claims Act case in part because of the significant

_____

[3] In this respect, WARN Act plaintiffs are at a huge disadvantage compared to employees seeking relief for civil rights violations. The civil rights statutes provide a much wider array of remedies.

[4] In this case, the costs would be split among the five named plaintiffs, somewhat lessening the burden. Nevertheless, in a case filed by a single plaintiff, the burden could be quite substantial.

chilling effect on future litigants who face the risk of paying substantial litigation costs to a prevailing defendant); *Keach v. U.S. Trust Co., N.A.*, 338 F. Supp. 2d 931, 935 (C.D. Ill. 2004) ("it is not difficult to see that an award of the substantial costs sought in this case would likely have a chilling effect on participants in other ERISA plans who reasonably believe that they have meritorious claims and deter them from bringing challenges where the defendants' liability is not a foregone conclusion because they would be reluctant to risk the imposition of attorney's fees and costs; such an effect would not be in the public interest.").

The Court is also concerned that awarding costs to prevailing defendants in a WARN Act case will dissuade competent counsel from agreeing to represent employees, for fear of having to shoulder those costs if their clients are unable to pay. *See Bleile v. University of Cincinnati*, No. C-1-94-513 (S.D. Ohio Dec. 13, 1996) (attached as App. C to Pls.' Mot. To Retax Costs). For these reasons, the Court finds that any award of costs would have a substantial chilling effect.[5]

An award of costs in this case would also be inequitable because this particular case was close and difficult. This is true, in part, because of the relative paucity of case law interpreting the WARN Act. As noted earlier, several novel issues were raised by the parties. Both sides moved for summary judgment; the Court denied both motions. As Plaintiffs note, the litigation in this Court spanned seven years, followed by two more years of appeals. In this situation, it is not unfair to expect each party to

---

[5] The Court does not mean to imply that a prevailing defendant should never be entitled to costs in a WARN Act case. The unique facts and circumstances of each case must be taken into consideration. There may well be instances where an award of costs is equitable. This, however, is not one of them.

bear its own costs.   Plaintiffs have shown circumstances sufficient to overcome the presumption in favor of awarding costs to the prevailing party.

## III.    Conclusion

Considering all the relevant circumstances in this case, the Court finds that it would be inequitable to burden Plaintiffs with Defendants' costs.  The Court therefore SUSTAINS Plaintiffs' Motion to Retax Costs (Doc. #235), and VACATES the Clerk of Courts' Taxation of Costs entered on December 29, 2011 (Doc. #233).   Judgment is to enter accordingly.


The captioned cause is ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.



Date:  August 22, 2012

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE


Copies to: Counsel of Record